The action was continued nisi, and the opinion of the Court was delivered in Boston, at an adjournment of the last March term, by
Parsons, C. J.
The title of the plaintiff is admitted to be good, if the consignors had, under the circumstances of this case, a right to stop the goods in question, in transitu.
To this right the defendant has made two objections.
1. That the general credit given to the original consignees by the consignors, which is stated at large in the exceptions, had excluded the consignors from the right of stopping in transitu goods shipped and consigned pursuant to that agreement. But in our opinion, this objection cannot prevail. That agreement cannot bind the consignors after the insolvency of the consignees ; the credit contemplated being predicated upon the supposed ability of the consignees to pay at the expiration of the credit. And a * credit, [ * 457 ] given under such an agreement, can have no other effect on this question, than the credit given under the first bills of lading
2. The other objection is, that the consignees being either the owners or the hirers of the ship Henry, as soon as the goods were received on board that ship, and bills of lading signed by the master, there was no further transit, the goods being in the possession and custody of the consignees. And to support this objec tian, it was urged by the defendant’s counsel, that the right to stop in transitu extends only to goods shipped on board a general ship.
We think this objection cannot prevail. The right of stopping all goods shipped on the credit and risk of the consignee remains until they come into his actual possession at the termination of the voyage, unless he shall have previously sold them bona fide, and endorsed over the bills of lading to the purchaser. And in our opinion, the true distinction is, whether any actual possession of the consignee or his assigns, after the termination of the voyage, be or be not provided for in the bills of lading. When such actual possession, after the termination of the voyage, is so provided for, then the right of stopping in transitu remains after the shipment. Thus, if goods are consigned on credit, and delivered on board a ship chartered by the consignee, to be imported by him, the right of stopping in transitu continues after the shipment, (3 East. 381 ;) but if the goods are not to be imported by the consignee, but to be transported from the place of shipment to a foreign market, the right of stopping in transitu ceases on the shipment, the transit *382 being then completed; because no other actual possession of the goods by the consignee is provided for in the bills of lading, which express the terms of the shipment. (7 D. & E. 442.) (a)
The same rule must govern, if the consignee be the ship owner. (b) If the goods are delivered on board his ship, to be carried to him, an actual possession by him, after the delivery, is provided for by the terms of the shipment; but if [ * 458 ] * the goods are put on board his ship to be transported to a foreign market, he has on the shipment all the possession contemplated in the bills of lading. In the former case the transit continues until the termination of the voyage; but in the latter case the transit ends on the shipment.
We think, also, that the same distinction must exist in the case of a general ship. If a ship sail from this country to Great Britain, with the intention of taking on board goods for divers persons on freight, to be transported to a foreign market, as the mercantile adventures of different shippers; if goods are so shipped by the several consignors, there is no transit to the consignees after the shipment; and no right of stopping remains with the consignors. But it is otherwise when several persons import goods in a general ship on their own credit and risk, for a future actual possession by them is provided for in the bills of lading.
Upon the best view we have been able to give the case before us, we are satisfied that the verdict is right, and that judgment must be entered upon it.

 [Rowley vs. Bigelow, 12 Pick. 307. — Ed .]

 [Sed quære. Vide Abbott on Shipping, 5th edition, 374. — Ed.]